IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIRANDA H.,[1]                          No. 6:20-cv-00077-HZ

           Plaintiff,                   OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

           Defendant.

Kevin Kerr
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, Oregon 97293

     Attorney for Plaintiff

Renata Gowie
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Jacob Phillips
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Miranda H. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB and SSI on July 13, 2016, alleging a disability onset date of January 1, 2013. Tr. 202-203, 206-210.[2] Plaintiff's date last insured is March 31, 2015. Tr. 228. Her application was denied initially and on reconsideration. Tr. 131-140, 142-147.

      On August 30, 2018, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 34-60. On November 13, 2016, the ALJ found Plaintiff not disabled. Tr. 26. The Appeals Council denied review. Tr. 1-6.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on shoulder pain, irritable bowel syndrome, lupus, Lyme disease, fibromyalgia, sleep problems, depression, and an extra vertebra in her tailbone. Tr. 232.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 10.

At the time of her alleged onset date, she was 34 years old. Tr. 227. She has a high school education and past relevant work experience as a janitor, flagger, cashier, checker, sandwich maker, and hand packager. Tr. 25.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

3 – OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date of January 1, 2013. Tr. 16. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "Lyme disease; celiac disease; fibromyalgia; lumbar spine degenerative disk disease (DDD); bipolar I disorder; major depressive disorder (MDD); posttraumatic stress disorder (PTSD); and obsessive compulsive disorder (OCD)." Tr. 16. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 16. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [T]he claimant is limited to no more than occasional climbing of ramps or stairs and no climbing of ladders, ropes, or scaffolds. The claimant is limited to no more than occasional stooping, kneeling, crouching, or crawling. She is limited to understanding and carrying out simple instructions. She is limited to no more than occasional interaction with the general public.

4 – OPINION & ORDER

Tr. 18-19. Because of these limitations, the ALJ concluded that Plaintiff could not perform her past relevant work. Tr. 25. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as laundry sorter, garment bagger, and garment sorter. Tr. 26. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 26.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff contends that the ALJ erred by improperly rejecting part of the opinion of the consultative examiner, Dr. Darrel Kauffman, M.D. Pl. Opening Br. 4, ECF 11. Dr. Kauffman performed a consultative examination on Plaintiff on September 29, 2016, in which he noted

several limitations in his functional assessment. Tr. 580. He determined that Plaintiff was limited to a "[m]aximum lifting, carrying, pushing and pulling capacity [of] 20 pounds occasionally and 10 pounds frequently," and that she should avoid ladders, scaffolds, ropes, and heights due to generalized muscle pain and shoulder pain from fibromyalgia and Lyme disease. *Id.* Dr. Kauffman also concluded that manipulative activities should be limited as follows: "overhead and forward reaching should be occasional based on her shoulder pain from fibromyalgia." *Id.* The ALJ determined that Dr. Kauffman's opinion should be given great weight because it was "based on an extensive examination with objective findings." Tr. 24.

The issue here is a narrow one. The parties dispute whether the ALJ properly disregarded the portion of Dr. Kauffman's opinion that determined Plaintiff should be limited to only occasional overhead and forward reaching. Plaintiff argues that despite specifically noting all of the limitations offered by Dr. Kauffman and giving his opinion great weight, the ALJ erred by not including the reaching limitations in the RFC. Pl. Opening Br. 5. The Commissioner claims the ALJ did not err in disregarding the reaching limitations noted by Dr. Kauffman because they are unsupported by the objective findings and are instead based on Plaintiff's unreliable subjective report. Def. Brief 4-5, ECF 12.

To the extent that there may be discrepancies in Dr. Kauffman's report, "[t]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). "Where . . . the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict[.]" *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Certainly, lack of objective medical evidence is a valid reason for an ALJ to reject a medical opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians'

opinions that are . . . unsupported by the record as a whole or by objective medical findings.") (internal citation omitted).

Here, however, the ALJ did not explicitly state that she rejected Dr. Kauffman's opinion about Plaintiff's reaching limitations because they were unsupported by objective medical evidence or based on Plaintiff's subjective report. Rather, the ALJ simply did not include all of Dr. Kauffman's findings in formulating Plaintiff's RFC. The Commissioner argues that the ALJ's reasoning can be inferred from her "analysis and decision as a whole, including her discussion relating specifically to Dr. Kauffman's opinion and findings." Def. Brief 4. But this Court must review the ALJ's decision based on the reasoning offered by the ALJ herself rather than "post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

Even if the Commissioner could make this post-hoc argument, the ALJ still erred if she rejected Dr. Kauffman's opinion because it derived from Plaintiff's subjective complaints of pain during Dr. Kauffman's exam. Plaintiff does not object to the ALJ's finding that the intensity, persistence, and limiting effects of her symptoms are not consistent with the evidence in the record as a whole. But the ALJ's rejection of Plaintiff's symptom testimony does not justify disregarding Dr. Kauffman's exam findings, even if the specific findings in question were based on Plaintiff's subjective complaints during the exam.

First, fibromyalgia is a disease "diagnosed entirely on the basis of a patient's reports of pain or other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). A patient who has impairments due to fibromyalgia may have "muscle strength, sensory functions, and reflexes [that] are normal." *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (internal quotations and citations omitted). Objective findings on physical exam are not necessary to determine the extent

of impairment due to fibromyalgia. *Id.* Dr. Kauffman concluded that Plaintiff's overhead and forward reach limitations were due to shoulder pain from fibromyalgia. Tr. 580. Plaintiff's 5/5 strength at the shoulders does not negate Dr. Kauffman's finding that Plaintiff had impaired shoulder mobility because of fibromyalgia.

Second, Dr. Kauffman's findings were, in fact, supported by objective evidence. Dr. Kauffman reported objective findings of Plaintiff's fibromyalgia on his examination by describing 12 of 18 positive "trigger" points, including two at the elbows and two at the shoulders. Tr. 579. Positive findings on tender-point examination constitute objective medical evidence of fibromyalgia. *Revels,* 874 F.3d at 663. Thus, even if the ALJ's decision to exclude Plaintiff's reaching limitations in the RFC was deliberate, she erred by not giving the same weight to that portion of Dr. Kauffman's opinion as she did to rest of his examination.

Finally, the ALJ's failure to include all of Plaintiff's reaching limitations in the RFC and the hypothetical questions to the Vocational Expert ("VE") was not harmless. At step five, hypothetical questions posed to a VE must accurately reflect all of a claimant's limitations, including those due to pain. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *see also Cooper v. Sullivan*, 880 F.2d 1152, 1158 n.13 (9th Cir. 1989) ("A vocational expert's testimony cannot constitute substantial evidence to support an ALJ's determination as to a claimant's disability status unless it accurately reflects all of the claimant's limitations, including pain."). Here, the RFC and hypotheticals presented to the VE did not include Plaintiff's reaching limitations, and all three positions identified by the ALJ at step five in her decision require frequent reaching. *See* Laundry Sorter, DOT 361.687-014, 1991 WL 672991; Bagger, Garment, DOT 920.687-018, 1991 WL 687965; Garment Sorter, 222.687-014, 1991 WL 672131.

Because the ALJ failed to include Dr. Kauffman's opinion regarding Plaintiff's reaching limitations in the RFC and the hypotheticals presented to the VE, the ALJ's conclusion at step five is not supported by substantial evidence. Accordingly, this case is reversed and remanded for further proceedings.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED: November 25, 2021.

_____
MARCO A. HERNÁNDEZ
United States District Judge